EMINIO CINMINO's (dependent's) CASE.

Suffolk.   December 2, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

The death of an employee, caused by his striking his head upon a concrete
   floor in the factory of his employer to which he fell for some physical
   reason not connected with his employment, as matter of law did not
   arise out of and in the course of his employment and did not entitle
   his dependent to compensation under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the In-
dustrial Accident Board awarding compensation to the
widow of Eminio Cinmino, whose death resulted from an
injury alleged to have arisen out of and in the course of his
employment.

In the Superior Court, the case was heard by *Morton*, J.
Material facts are described in the opinion.   By order of the
judge, a decree was entered "that the death of the deceased
employee arose out of and in the course of his employment,"
and awarding compensation.   The insurer appealed.

*P. L. Keenan*, for the insurer.

*L. C. Doyle*, for the claimant.

PIERCE, J.   This is a proceeding for compensation under
G. L. c. 152, by the widow of Eminio Cinmino, to recover
compensation for his death while employed by the Revere
Rubber Company at its factory in Chelsea.   At the hearing
before the board member, and again on review before the
Industrial Accident Board, it appeared in undisputed evi-
dence that on July 7, 1923, Cinmino, while standing near a
bench waiting for stock to carry to an employee, made an
outcry, threw up his hands, "reeled around," and for some
physical reason not connected with his employment fell,
striking his face on the concrete floor.   It was ascertained at
the hospital where he was taken that his skull was fractured

by the fall upon the floor. He lingered "restless and irrational" until his death on July 14, 1923, approximately one week after the accident. The only question is whether the injury which resulted from the described impact of the head with the concrete floor was a risk and hazard of the employment; or, otherwise expressed, was there a causal connection between the conditions under which the work was to be performed and the injury which resulted. *McNicol's Case*, 215 Mass. 497.

We think there is no measurable distinction between the hazard of an employment where the floors are made of concrete and an employment where the floors are of hard wood, of soft wood, or of dirt, because of the fact that one material is of greater or less resiliency than another. To hold that a concrete floor in a place of employment is a danger which affects the risks which an employee encounters and is a hazard which arises out of an employment, would require a further holding, when the occasion arose, that any flooring of any material is a hazard of employment against which the statute gives compensation whenever there is a causal relation between the hazard and the injury. The causal relation in such a case is too remote and speculative for practical application. There is no substantial resemblance between the case at bar and where a man seized with an epilepic fit fell into the hold of a vessel, *Wicks* v. *Dowell & Co. Ltd.* [1905] 2 K. B. 225; where a man from physical weakness fell into a machine, *Dow's Case*, 231 Mass. 348; where a woman caught her heel and fell upon a step, *Hallett's Case*, 232 Mass. 49.

It results that the decree of the Superior Court must be reversed and a decree be entered for the insurer.

*So ordered.*