UBALDO CARDONA, lesionado y apelante, v. COMISIÓN INDUSTRIAL DE PUERTO RICO, apelada.

Núm. 34.—*Sometido:* Mayo 9, 1938. *Resuelto:* Mayo 31, 1938.

*J. M. Valentín Esteves,* abogado del apelante; *Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar* y *L. Negrón Fernández,* abogado éste del Fondo del Seguro del Estado, abogados del Administrador del Fondo mencionado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Cardona contrajo tuberculosis mientras trabajaba como conserje en una escuela pública. Solicita la revocación de una decisión adversa dictada por la Comisión Industrial.

No hubo prueba satisfactoria de relación causal alguna entre su trabajo y la enfermedad. Ésta—de haber sido causada por la inhalación de polvo durante el período de varios años en que estuvo empleado—no fué el resultado de un accidente. Si era una enfermedad "ocupacional," ella no era una por la cual la Comisión Industrial puede conceder compensación.

Una lectura de las opiniones en los casos citados por el peticionario bastará para distinguirlos. Ellos son:

*Sullivan Mining Co.* v. *Aschenbach,* 33 F. (2d) 1; *Certiorari* denegado en 280 U.S. 586; *Columbine Laundry Co.* v. *Industrial Commission,* 215 P. 870; *Tintic Milling Co.* v. *Industrial Commission of Utah,* 23 A.L.R. 325; *Schabel* v. *Riddell-Robineau Mfg. Co.,* 53 S.W. (2d) 750; *Dove* v. *Alpena Hide & Leather Co.,* 164 N.W. 253; *Madore* v. *New Departure Mfg. Co.,* 134 A. 259; *Perú Plow & Wheel Co.* v. *Industrial Commission,* 142 N.E. 546; *In Re Madden,* 111 N.E. 379.

Véanse también *Cambridge Mfg. Co.* v. *Johnson,* 153 A. 283, *U.S. Gypsum Co.* v. *McMichael,* 293 P. 773, y otros casos citados en 71 C.J. 593, sección 344.

Las disposiciones de la Ley (núm. 45) de Compensaciones por Accidentes del Trabajo, Leyes de 1935, pág. 251, son, bajo los términos del artículo 2, "aplicables a todos los obreros . . . . que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo; o por enfermedades o muerte derivadas de la ocupación, según se especifican en el artículo siguiente." El artículo 3 contiene una "tabla de enfermedades ocupacionales y sus causas." Dispone que las enfermedades enumeradas en la tabla se considerarán como enfermedades ocupacionales "cuando sean contraídas por obreros o empleados en el curso de las ocupaciones que en la misma se enumeran." La tuberculosis no es una de las enfermedades ocupacionales allí enumeradas.

No hallamos error alguno en la conclusión a que llegó la Comisión Industrial al efecto de que la tuberculosis en el caso

de autos no fué el resultado de un accidente compensable ni era una enfermedad "ocupacional" por la cual puede concederse compensación bajo la expresión perfectamente clara de la voluntad legislativa. Éste es un caso de *lex scripta*.

*La decisión de la Comisión Industrial no será alterada.*