GUADALUPE ARROYO ORTIZ, demandante y apelante, *v.* PLAZA PROVISION COMPANY, demandada y apelada.

Núm. 9719.—*Sometido:* Junio 2, 1942. *Resuelto:* Junio 18, 1948.

*Bolívar Pagán,* abogado del apelante; *F. Fiddler, José G. González, Tomás I. Nido* y *Mariano Canales,* abogados de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Ante el Tribunal de Distrito de San Juan radicó Guadalupe Arroyo Ortiz demanda de daños y perjuicios contra la Plaza Provision Company. Alega en ella sustancialmente que era empleado de la demandada; que en el curso de su empleo otros empleados superiores de ésta le dieron órdenes de que penetrara en la nevera de dicho establecimiento, que está a muy baja temperatura, y sacara vegetales, carnes y otros artículos; y que a consecuencia de ello el demandante contrajo primero influenza y luego tuberculosis;

que estima en $10,000 los daños sufridos y solicita se dicte sentencia a su favor por dicha cantidad, más las costas y honorarios de abogado.

En su contestación la demandada alegó que la demanda no aduce hechos constitutivos de una causa de acción, y al iniciarse el juicio sostuvo, además, que el tribunal carece de jurisdicción para conocer del recurso. Las cuestiones privilegiadas así suscitadas no fueron resueltas inmediatamente, reservándose el tribunal a quo su decisión sobre las mismas y procediendo a oír prueba sobre los méritos del caso. Más tarde dictó sentencia declarando con lugar la moción de falta de jurisdicción.

De la sentencia así dictada apela el demandante y señala como errores el haberse declarado el tribunal de distrito sin jurisdicción para conocer del recurso y el no haber considerado la evidencia presentada por las partes en el curso del juicio.

La Ley número 45 de 18 de abril de 1935 ((1) pág. 251), en su artículo 2, según éste fué enmendado por la Ley número 162 de 14 de mayo de 1943, pág. 525, provee que sus disposiciones serán aplicables a todos los obreros y empleados que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muerte derivadas de la ocupación, según se especifican en el artículo siguiente. El artículo 3, conforme fué enmendado por la citada Ley de 1943, provee que todo obrero o empleado que sufriere lesiones o enfermedades ocupacionales tendrá derecho a asistencia médica y a las compensaciones que allí se especifican. En él aparece una "tabla de enfermades ocupacionales", pero entre ellas no figura la tuberculosis.

En *Cardona* v. *Comisión Industrial*, 53 D.P.R. 272, el obrero contrajo tuberculosis mientras trabajaba como con-

serje en una escuela pública. Acudió ante la Comisión Industrial y ésta le falló adversamente, recurriendo ante nos mediante recurso de revisión. Decidimos que la citada enfermedad no es una de las enfermedades ocupacionales enumeradas en el artículo 3 de la Ley y, en su consecuencia, que la decisión de la Comisión Industrial no debía ser alterada.

En 1946 se adicionó por la Ley número 401 de 23 de abril ((1) pág. 1093), el artículo 3–A a la Ley número 45 de 1935. En éste se provee entre otras cosas que:

"Además de las enfermedades ocupacionales que se relacionan en el artículo anterior, se reputarán como tales y con derecho a compensación, las lesiones pleuropulmonares de origen tuberculoso adquiridas en el curso del trabajo y como consecuencia del mismo, por aquellas personas al contacto con dicha enfermedad por servicios prestados en sanatorios, centros u hospitales de los gobiernos insular o municipales o de personas o entidades particulares donde se traten pacientes que padezcan de tuberculosis pulmonar; . . . . . ".

Esta adición tampoco cubre el caso del aquí demandante, ya que no es uno en el cual el obrero estaba en contacto con personas que padecían de tuberculosis y en que prestaba servicios en sanatorios, centros u hospitales donde se tratan pacientes que sufran de esa enfermedad. Así pues, la conclusión es clara de que el demandante no está cubierto por la Ley de Indemnizaciones a Obreros, ni bajo la doctrina sentada en *Cardona* v. *Comisión,* supra, ni bajo lo provisto en el artículo 3–A a que acabamos de hacer mención.

■■ En la demanda no hay alegación alguna al efecto de que la demandada sea un patrono asegurado o no asegurado. Ante tal ausencia, debe ser considerada como si en ella se alegase específicamente que la Plaza Provision Company es un patrono asegurado. *Onna* v. *The Texas Co.,* 64 D.P.R. 520. ¿Bajo estas circunstancias podía, no obstante, acudir el demandante ante el Tribunal de Distrito de San Juan con una demanda de daños y perjuicios contra la demandada? Esta pregunta debe ser contestada afirmativa-

mente. Ya hemos visto que la tuberculosis no es una enfermedad ocupacional cubierta por la Ley de Compensaciones por Accidentes del Trabajo. Empero, según el artículo 20 de la misma, cuando un patrono asegura a sus obreros y empleados de acuerdo con la Ley, el derecho en ella establecido para obtener compensación será el único remedio en contra del patrono; pero *en el caso de accidentes, enfermedades o muerte de los obreros o empleados. no sujetos a compensación, la responsabilidad del patrono es y continuará siendo la misma que si no existiera la Ley de Compensaciones por Accidentes del Trabajo.* (Bastardillas nuestras.) Dispone además el artículo 16 que en los casos de enfermedades no sujetos a las disposiciones de la Ley la responsabilidad del patrono será la misma que si esa ley no existiera e independiente de cualquier acción que pueda tener el obrero de acuerdo con lo dispuesto en el artículo 1802 del Código Civil, debiendo entablarse la acción ante la Corte de Distrito donde ocurriere el accidente.

Siendo ello así los artículos 20 y 16 autorizan una demanda como la aquí interpuesta. El hecho de que la demandada sea un patrono asegurado no desempeña papel de importancia en este caso. Lo que sí resulta ser decisivo es que la tuberculosis no es una enfermedad compensable y que en tal caso la responsabilidad del patrono será la misma que si la Ley de Compensaciones por Accidentes del Trabajo no existiera. Fué indudablemente un error del tribunal a quo declararse sin jurisdicción.

▮ Ahora bien, en lo que concierne al segundo error señalado, nos parece aconsejable, que dada la conclusión a que hemos llegado se devuelva el caso al Tribunal de Distrito de San Juan para que éste, que vió declarar y oyó a los testigos, aprecie la prueba ya ofrecida y dicte la sentencia que proceda sobre los méritos del recurso.(¹) Para

(¹) Artículo 306 del Código de Enjuiciamiento Civil—

"Cuando se revocare la sentencia, orden o decreto del tribunal inferior, la corte procederá a pronunciar la sentencia, orden o decreto que debió haber

ello está sin duda en mejor posición que nosotros. Desde luego, al resolver el caso el tribunal inferior tendrá presente que de conformidad con el citado precepto del Código Civil la prueba del demandante debe demostrar no sólo que penetró en el frigorífico de la demandada y que como resultado de ello contrajo tuberculosis, sino también que la culpa o negligencia de dicha demandada fué la causa próxima del daño que reclama.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.

---

dictado el tribunal inferior, salvo los casos en que fuere necesario aclarar determinados puntos de hecho, o que la indemnización que hubiere de fijarse o materia sobre la cual hubiere que decretarse, fuere dudosa, pues en cualquiera de estos casos se devolverá la causa para su revisión al tribunal inferior. . .''