MAURICE P. DUSTIN, *Adm'r*

*v.*

GEORGE & GLADYS LEWIS *& a.*

Argued January 5, 1955.

Decided March 11, 1955.

*Walter D. Hinkley* (by brief and orally), for the plaintiff.

*Francis G. Moulton* (by brief and orally), for the defendants.

KENISON, C. J. The definition of a compensable injury relevant to this case appears in Laws 1947, c. 266, s. 2 III and reads in part as follows: "personal injury, or injury as used in and covered by this chapter shall mean accidental injury or death arising out of and in the course of the employment . . . . " It is agreed that the employee's death arose in the course of his employment but the Court found that it did not arise out of his employment. This finding is not to be set aside unless it was clearly erroneous. *Romano* v. *Company,* 95 N. H. 404; *Walter* v. *Hagianis,* 97 N. H. 314.

The plaintiff particularly challenges the following statement in

the Court's findings: "There is a complete lack of evidence as to any work or act of the deceased which may have contributed to his faint." It is pointed out that one of the doctors gave his "opinion that the fact that he was working in that store that night under the conditions there existing, what caused him to faint" and another doctor testified that if the deceased had been at home resting he would probably not have fainted. In view of the medical testimony, it is argued that the Court's statement is erroneous and cannot stand. If the statement is taken in isolated context there is force to this argument. However, in the same paragraph, the Court had previously noted that evidence as to the cause of deceased's fainting was "solely from opinions of the medical witnesses." This indicates that the medical testimony was not ignored even though it was not accepted. *Bolduc* v. *Company*, 97 N. H. 360, 363. Construing the single sentence to which the plaintiff objects in its context, we believe the Court meant that aside from the medical testimony which it was not obliged to believe (*Bill* v. *Company*, 90 N. H. 453; *Simoneau* v. *Company*, 89 N. H. 402, 404), there is no evidence in the case that the nature of the deceased's work or the manner in which he was doing it was a contributing cause of the accident. See *Rivard* v. *McElwain Company*, 95 N. H. 100, 101. Whether the testimony of a layman or an expert is entitled to credence is a matter for the determination of the Trial Court. *Ricard* v. *Insurance Co.*, 87 N. H. 31; *Groulx* v. *Groulx*, 98 N. H. 481. "The fact that the testimony was not directly contradicted did not require its acceptance." *Anctil* v. *Dupont*, 96 N. H. 501, 503.

If the fact-finder had accepted all of the plaintiff's evidence as true and awarded compensation, the authorities indicate that the award would be sustained here. *Bohan* v. *Company*, 98 N. H. 144; *Allison* v. *Company*, 98 N. H. 434; *Bolduc* v. *Company*, *supra*. But we cannot say as a matter of law after reading the record that it was a required finding that the deceased's injury and death arose out of the employment. *Zwiercan* v. *Company*, 87 N. H. 196. "The Trial Court heard and observed the parties and their witnesses and was in a better position to judge their credibility than an appellate court which reads about it." *Ballou* v. *Ballou*, 95 N. H. 105.

It is the plaintiff's position that even if the Trial Court's findings are justified, compensation is allowable under the idiopathic fall doctrine. Plaintiff's requests for findings based on

this theory were denied below. The problem is stated in 5 Schneider, Workmen's Compensation (Perm. *ed.*) s. 1376 as follows: "Where an employee is seized with an epileptic fit, dizziness or vertigo and falls due to such or other like causes and is injured the question that usually determines whether the injury is compensable is, did the employee's working conditions contribute to the fall and consequent injury or was the accident solely due to the employee's idiopathic condition which might have caused him to fall in his home with the same injurious results? If it is the latter the employer is not liable, if the former he is liable." In Rhode Island, Indiana, Massachusetts, Ohio and New York compensation has been denied for an idiopathic fall onto a level floor for the reason that the fall is substantially unrelated to the employment. *Remington* v. *Louttit Laundry Co.*, 77 R. I. 185; *Pollock* v. *Studebaker Corp.*, 230 Ind. 622; *Cinmino's Case*, 251 Mass. 158; *Rozek's Case*, 294 Mass. 205; *Stanfield* v. *Industrial Comm.*, 146 Ohio St. 583; *Andrews* v. *L. & S. Amusement Corp.*, 253 N. Y. 97. Two of the most recent decisions on this controversial question, decided in 1954, have likewise denied compensation. *Henderson Celanese Corp.*, 16 N. J. 208; *Riley* v. *Oxford Paper Co.*, (Me.) 103 A. (2d) 111.

On the other hand there are several jurisdictions which allow compensation for the idiopathic fall onto a level floor for the reason that there is a sufficient causal relation even though the employee's own weaknesses led to the fall. *Employers &c. Ins. Co.* v. *Industrial Acc. Comm.*, 41 Cal. (2d) 676; *General Ins. Corp.* v. *Wickersham*, (Tex. Civ. App.) 235 S. W. (2d) 215; *Savage* v. *St. Aeden's Church*, 122 Conn. 343. See also, 11 NACCA L. J. 83; 13 NACCA L. J. 305.

Many of the cases cited in the two previous paragraphs are discussed in 1 Larson, Workmen's Compensation Law (1952) s. 12.14 which contains the following summary: "The only principle on which the effects of falls, caused by internal weakness or disease, can be made attributable to the employment is the idea that the environment supplied a hazard which, added to the idiopathic fall, produced the ultimate injury. Whether or not, in the light of recent cases, it may be correct to say that a majority of the newer cases permit recovery even when the fall is to a level, hard floor, this should not be taken to mean that the necessity for showing some contribution by the employment to the risk has altogether disappeared."

Obviously floors are a normal and customary incident in both industry and the home. "The Compensation Act has not contravened the law of gravity, and discomfort in a greater or less degree is inevitably the companion of a fall. The same consequences would probably have been forthcoming had the appellant suffered his seizure in the street or in his home." *Henderson* v. *Celanese Corp.*, 16 N. J. 208, 214 (1954). Where the floor is merely an incident or an occasion that accompanies the injury and the employment is not a contributory or additional risk in bringing it about, compensation should be denied. To grant compensation in such a case is to read out of the Compensation Law the requirement that the injury must arise out of the employment. *Zwiercan* v. *Company*, 87 N. H. 196. "When we reach consideration of the idiopathic fall to the level floor, not from a height, not on to or against an object, not caused or induced by the nature of the work or any condition of the floor, we are dealing with an injury which is in no real sense caused by any condition, risk or hazard of the employment." *Riley* v. *Oxford Paper Co.*, (Me.) 103 A. (2d) 111, 113 (1954).

We are aware that "this court has always given a liberal construction to the compensation act." *Bernier* v. *Mills*, 93 N. H. 165, 168. This rule has been consistently followed and we believe should continue to be. However, liberal construction cannot supplant the necessity for requiring that the accident arise out of the employment. "Compensation acts have not been designed to place the entire burden of employees' losses upon industry . . . and the right of the workman is no greater than the Legislature has provided it shall be." *Carbonneau* v. *Company*, 97 N. H. 438, 443. Since the Legislature has not provided that every workman that is injured in his employment shall be compensated for his injury, the judiciary cannot accomplish the same result by decree. "Not every diseased person suffering a misfortune while at work . . . is entitled to compensation." *Guay* v. *Company*, 83 N. H. 392, 396.

Since the plaintiff cannot recover under the idiopathic fall doctrine, the plaintiff's exceptions must be overruled and the order is

*Judgment for the defendant.*

All concurred.