(No. 34998.—

PEARL PRINCE, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LEONARD PETERSON & COMPANY, INC., Plaintiff in Error.)

*Opinion filed January 23, 1959.*

V. J. BAER, of Chicago, (SIDNEY Z. KARASIK, CHARLES WOLFF, and GEORGE W. ANGERSTEIN, all of Chicago, of counsel,) for plaintiff in error.

PETERSON, LOWRY, RALL, BARBER & ROSS, of Chicago, (WALTER W. ROSS, and IRVING G. SWENSON, of counsel,) for defendant in error.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Pearl Prince filed an application for adjustment of claim with the Industrial Commission alleging that, on October 3, 1955, her husband, Hormer Prince, sustained fatal accidental injuries arising out of and in the course of his employment by Leonard Peterson & Company, Inc. An arbitrator found the issues for claimant and entered an award accordingly. Upon review, the Industrial Commission found that the deceased did not sustain accidental injuries arising out of his employment. On *certiorari,* the circuit court of Cook County held that the commission's finding was contrary to the manifest weight of the evidence and entered an order reversing and setting aside the decision of the commission. We have granted a writ of error for a further review of the record.

The record discloses that decedent had been an employee of Leonard Peterson & Company, Inc., for some three years. His work consisted of applying a powder acid mixed in water on birch-wood table tops as a lacquer and then washing the table tops with hot water and soap after the lacquer had hardened. To obtain the hot water it was necessary for decedent to go from the second floor

of the building, where he performed his work, to the boiler room located in the basement of the same building.

At about 8:45 A.M. on October 3, 1955, the decedent went down to the boiler room to get a bucket of hot water. After obtaining the hot water, he set the bucket on the floor and sat down on a metal cart where he visited with David Smith, the fireman in the boiler room. They both sat on the cart and talked for approximately five minutes. Smith was smoking a cigarette and looking down when the decedent stood up. He noticed decedent's feet "give a funny shuffle" and he then looked up and saw decedent sustaining a seizure of some kind. Smith rose to help decedent, but before he could get to his feet, the decedent had fallen backwards, his head striking the concrete floor. The deceased was taken to a hospital where he died the following day of a skull fracture.

It is undisputed that deceased's fall was caused principally by a pre-existing idiopathic condition and that his head struck nothing but the concrete floor. The floor was not exactly level in all places and it had some cracks and crevices which varied in width from an eighth to possibly a fourth of an inch and penetrated into the concrete from an eighth of an inch to perhaps an inch. The edges of the cracks varied as to one side being higher or lower from a sixty-fourth to possibly a fourth of an inch.

On this evidence the Industrial Commission found that decedent's injuries did not arise out of his employment. This issue was one of fact to be determined by the commission, and its finding thereon should not have been set aside by the circuit court of Cook County unless it was manifestly against the weight of the evidence. *Hunter Packing Co.* v. *Industrial Com.* 1 Ill.2d 99; *Landon* v. *Industrial Com.* 341 Ill. 51.

The defendant in error, Pearl Prince, contends that the finding was against the manifest weight of the evidence and that the circuit court properly reversed the commis-

sion's decision. Her first argument is directed to the condition of the floor. She argues that there was no direct evidence as to whether the feet of deceased might or might not have been affected by the uneven condition of the floor, and there is no direct evidence as to whether the condition of the floor where the deceased's head struck aggravated the degree of the injury. She then concludes that the finding by the commission that the cracks in the floor were in no way connected with the fall or productive of the injury is against the manifest weight of the evidence, and the only reasonable inference that could be drawn under these circumstances was that the condition of the floor did increase the risk of the employment and was incidental to it, and that the accidental injury resulting in death was incidental to and arose out of the employment.

To justify an award in this case it must be shown that the condition of the floor or the floor itself increased the risk of employment (*Chicago Hardware Foundry Co.* v. *Industrial Com.* 393 Ill. 294) and that this increased risk caused, to some extent, the decedent's fall or his injury. The cracks in the floor may have increased the risk of employment, but it does not follow *ipso facto* that the injury arose out of the employment. The powder acid used by decedent on the second floor of the building may also have increased the risk of his employment, but surely defendant in error would not argue that because of this an award should be granted for his fatal injury incurred when he fell in the basement.

The defendant in error asserts, however, that the circumstantial evidence supports the probability that the cracks and unevenness of the floor were incidental to the fall or the resulting injuries. The record does not substantiate this assertion. It reveals there was a possibility that the condition of the floor was, to some extent, causative of the fall or resulting injuries, but it also indicates there was at

least an equal possibility that it was in no way causative of the fall and resulting injuries. Hence, the finding of the commission on this question of fact should not have been disturbed, regardless of how the circuit court might have held, had it heard the evidence. *American Smelting and Refining Corp.* v. *Industrial Com.* 13 Ill.2d 275; *Wilhelm* v. *Industrial Com.* 399 Ill. 80.

Her next argument is directed to the floor itself. She contends that where an employee sustains an injury as the result of a fall while in the course of his employment, he is entitled to compensation as a matter of law irrespective of the cause of the fall or the existence of any unusual risk. The condition of the floor must be eliminated from consideration at this point since the commission found that it was in no way incidental to the fall or the extent of the injuries. There is no question then but that the floor itself had some connection with the injury. The question now is whether the concrete floor, as such, increased the risk of employment. The commission by its decision answered this question negatively. The defendant in error contends that we should, as a matter of law, answer it in the affirmative.

Whether an injury due to an idiopathic fall on a level floor may be said, as a matter of law, to have arisen out of the employment is a question of first impression in this State. There is a sharp division of opinion among those jurisdictions that have had occasion to consider the question. (See cases cited in 99 C.J.S., Workmen's Compensation, sec. 257(1).) Counsel for plaintiff in error and for defendant in error have been most helpful with their discussion and analysis of the cases from foreign jurisdictions. We have considered them carefully and are in accord with those holding that concrete floors present no risk or hazard that is not encountered in many places, and that such risks and perils as they do present are only those which confront

all members of the public. See, *e.g.*, *Cinmino's Case,* 251 Mass. 158; *Andrews* v. *L. & S. Amusement Corp.* 253 N.Y. 97.

The commission's findings are not against the manifest weight of the evidence. Therefore, the judgment of the circuit court of Cook County is reversed and the cause remanded with directions to confirm the decision of the Industrial Commission.

*Reversed and remanded, with directions.*