596

ERNESTO TORRES RIVERA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. 576.    Decided June 12, 1962.

*Ferdinand Rivera Ortega* and *José A. Rivera Bernard* for petitioner. *Ángel de Jesús Matos* and *Carmen Ana Archeval* for the Manager of the State Insurance Fund.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Rigau.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Petitioner worked as sanitary inspector in the Department of Health. On April 13, 1959, while inspecting a business, he suffered an epileptic seizure which caused him to fall to the floor sustaining a fracture of the parietal bone and other injuries to his body.[1] The Manager of the State Insurance Fund held that it was not a labor accident; that the fall was not due to any risk inherent therein and that it was caused by an organic condition which could arise under any circumstance in the course or out of employment and without it being aggravated by his work. The Industrial Commission confirmed his decision.

Petitioner alleges before us that the Industrial Commission erred (1) "in refusing leave to petitioner to examine, through his attorney, the record of the case," and (2) "in

---

[1] According to the summary of petitioner's testimony made by the Industrial Commission, the accident occurred as follows: "That on that day, while inspecting the business of José M. Mendizábal and after identifying himself with its owner, he fell and fractured his parietal bone."

holding that the accident suffered by petitioner is not compensable under the Act and the case law."

■ The first error was not committed. The case of *Sierra, Sec. of Labor* v. *Superior Court*, 81 P.R.R. 540, invoked by petitioner, is not applicable. The Rules of Civil Procedure on discovery of evidence were construed in that case. Those Rules govern all proceedings of a civil nature before the General Court of Justice (Rule 1). The Industrial Commission is a quasi-judicial body, *Caraballo* v. *Industrial Commission*, 51 P.R.R. 157, and does not form part of the General Court of Justice.

The "Workmen's Accident Compensation Act" provides in § 37 (11 L.P.R.A. § 38), in its pertinent part, the following:

"Information acquired by virtue of the provisions of this chapter by the Industrial Commission, by the Manager of the State Insurance Fund, or by any officer or employee to whom the performance of some duty under this chapter has been entrusted, shall be considered as of a private nature when so resolved by the Industrial Commission or the Manager of the State Insurance Fund; and any officer or employee who discloses such information, except by order of a competent authority, shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine of not more than five hundred (500) dollars or to imprisonment in jail for not more than six (6) months.

"Nothing in this section shall be construed as prohibiting the inspection by the interested party or by his attorney, of the reports and all other documents connected with his case."

■ We shall not stop to consider whether or not the Commission violated the provisions of the preceding section, since we are convinced that its action caused no prejudice to petitioner. Prior to the hearing he had filed a motion with the Commission for leave to examine the complete record of his case. He alleged that he was not acquainted with the data relied on by the Manager to disallow compensation, and that the Manager obtained such data through an investigation, while petitioner was unable to discover same in time, the

knowledge of such data or facts being indispensable to present his case before the Commission. This agency set the motion for hearing on the same date as the hearing of the case on the merits. It was denied on that date as being moot. The only evidence presented during the hearing of the case consisted of the testimony of petitioner and of Drs. García Estrada and Taveras. It was stipulated that the rest of the evidence would be cumulative.

It appears from the record that the day the hearing was held the attorney for the Fund showed to the injured the statement which the latter had made before an officer of the Fund, and that a few days prior thereto he was shown part of the record connected with the medical reports. The Commission accepted petitioner's version, the only one offered, on the occurrence of the accident, and as to the medical testimonies, the injured was familiar with them because they had been shown to him a few days prior to the hearing. Under these circumstances, we are not convinced that the first error was committed, or, if committed, that it prejudiced petitioner's rights.

In the second assignment of error petitioner insists that he sustained a compensable accident.

■ In Puerto Rico, like in a majority of state jurisdictions, and unlike several states such as Pennsylvania and Utah, where the only requirement is that the accident arise in the course of employment—*Miller* v. *Fred Schiffner & Sons*, 173 A.2d 707 (Pa.); *Tavey* v. *Industrial Commission*, 150 P.2d 379 (Utah)—it is necessary that the accident be caused "by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment." 11 L.P.R.A. § 2; *Cordero, Mgr.* v. *Industrial Commission*, 61 P.R.R. 349; *Cardona* v. *Industrial Commission*, 53 P.R.R. 259; *Montaner, Mgr.* v. *Industrial Commission*, 53 P.R.R. 187. Petitioner contends, however, that his case is covered by our decision in *Montaner*

v. *Industrial Commission*, 55 P.R.R. 867. In that case the laborer was engaged in opening branches in the irrigation ditches. His body was found in one of those ditches, his death having been attributed to asphyxia by submersion when he fell into the ditch during an epileptic seizure. We held that the accident was compensable. We said at p. 870: "When industry exposes a workman to a risk to which he would not have been exposed under the ordinary circumstances of his life, it should be held liable in the case of death or injuries suffered in the course of the employment and as a consequence of an inherent risk of the same."

■ Petitioner suffered an epileptic seizure and the consequent fall to the ground in the course of his employment. However, for an accident to be compensable, according to our reiterated case law, it is also necessary that the accident be caused by any act or function inherent in his work or employment and occurring as a consequence thereof.

■■ In Puerto Rico, as in a majority of the States,[2] we have adopted the theory of added risk or special danger in connection with compensability of accidents caused by an idiopathic condition of the workman or employee. According to this theory, a fall to a floor caused by a cardiac or epileptic seizure, dizziness, or any other idiopathic condition, is not compensable unless the fall occurs, for example, on a stairway, or into a machine, a hole, or against anything except the floor, since in that case the risk of injury is increased, or is a special danger of the work or employment. HORO-

---

[2] *Henderson* v. *Celanese Corp.*, 104 A.2d 720, 108 A.2d 267 (N.J.); *Cinminos Case*, 146 N.E. 245 (Mass.); *Stasel* v. *American Radiator & Standard San. Corp.*, 278 S.W.2d 721 (Ky.); *Riley* v. *Oxford Paper Co.*, 103 A.2d 111 (Me.); *Dasaro* v. *Ford Motor Co.*, 113 N.Y.S.2d 413; *Mayer* v. *Eberhard Faber Pencil Co.*, 85 N.Y.S.2d 659; *Valerio* v. *Ind. Comm.*, 334 P.2d 768 (Ariz.); *Dustin* v. *Lewis*, 112 A.2d 54 (N.H.); *Bagwell* v. *Ernest Burwell, Inc.*, 88 S.E.2d 611 (S.C.); *U.S. Casualty* v. *Richardson*, 43 S.E.2d 793 (Ga.); *Rockford Hotel Co.* v. *Ind. Comm.*, 132 N.E. 759 (Ill.); *Baltimore Dry Docks* v. *Webster*, 116 Atl. 842 (Md.); *Watson* v. *Grimm*, 90 A.2d 180 (Md.).

vitz, Workmen's Compensation 145; 1 LARSON, Workmen's Compensation Law 158; 9 C.J.S. 887.

■ In *Montaner, supra,* we cited with approval that of *Andrews* v. *L. & S. Amusement Corp.,* 170 N.E. 506 (N.Y.), where it was held that a fall due to internal disorders of the injured was not compensable. At p. 872 we cited from that case the following: "The risk of falling to the pavement in such a fit was not due to the employment. Had Andrews fallen from a ladder, from a scaffold, from a stairway, or down a hole, the chances of injury would have been increased. If there had been an accident causing his fall, we would have another element in the case. There was no accident; he fell because of internal disorders, and the injury resulted from no added risk because of his employment. This distinction runs through many cases."

■ Indeed, we are not able to find in the present case any causal relation between the accident and petitioner's employment. The Commission acted correctly in so deciding and declaring the accident noncompensable. Its decision will be affirmed.