Antonio Diez Urrutia, Sucesión, recurrente, *v.* Comisión Industrial de Puerto Rico, demandada.

Núm. 196.—*Sometido:* Mayo 6, 1940. *Resuelto:* Mayo 10, 1940.

*Luis Mercader,* abogado de la recurrente; *Víctor J. Vidal González* y *G. Atiles Moréu,* abogados del Fondo del Seguro del Estado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Roberto Ramos Torres trabajaba como mensajero en una farmacia en Arecibo perteneciente a Antonio Diez Urrutia y el 14 de agosto de 1939, mientras corría en una bicicleta, fué lanzado al pavimento por un camión perteneciente a la empresa de José S. Mera. El camión iba conducido por Carlos Colón. El obrero falleció unos días después y el fiscal presentó contra el chófer una acusación por el delito de homicidio involuntario.

Aunque nada hay en los autos que demuestre que estuviera autorizado para ello, un empleado de la farmacia, Agustín Diez Urrutia, informó a la Comisión Industrial del accidente y ésta no examinó sus propios archivos para ver si Antonio Diez Urrutia estaba asegurado o no. Como consecuencia de

este aviso la Comisión incurrió en ciertos gastos ascendentes a $29.25.

Antonio Diez Urrutia compareció ante la Comisión y alegó que ésta carecía de jurisdicción toda vez que él empleaba menos de tres obreros y en vista de que el accidente fué ocasionado por la intervención criminal de un tercero.

La beneficiara o heredera de Ramos Torres radicó demanda contra José S. Mera, pero por transacción entre las partes el caso fué resuelto por la Corte de Distrito de Arecibo mediante sentencia favorable a la demandante y ella acudió ante la Comisión y solicitó que el caso pendiente ante ésta fuera archivado toda vez que la peticionaria no tenía interés alguno. La Comisión así lo hizo. Sin embargo, en 31 de enero, 1940, la Comisión dictó una resolución por la cual ordenó a Antonio Diez Urrutia que pagara los $29.25 a que nos hemos referido. No obstante la moción de reconsideración presentada la Comisión insistió en su fallo.

■■ La idea de la Comisión parece haber sido que cuando un empleado radica una reclamación ante ella, el patrono debe ser responsable.

De esta decisión el peticionario apeló. El Administrador del Fondo del Estado ha radicado ante este tribunal una moción en solicitud de que se desestime el recurso por no habérsele notificado el mismo. Estamos dispuestos a admitir que el administrador tiene cierto interés en todos los asuntos que van ante la Comisión, mas él no nos indica ningún precepto positivo de derecho que exija se le notifique un recurso en que la Comisión llega a una conclusión final similar a la dictada en este caso. El recurso fué notificado a la Comisión por correo el 14 de marzo, 1940, y una notificación similar fué remitida a la heredera de Ramos Torres. La moción del administrador no puede prevalecer. La notificación del recurso a la Comisión cubría suficientemente el caso y de ser necesario ésta podía notificarle al Administrador del Fondo del Estado, quien en realidad acudió ante este tribunal para argumentar el caso. Por el presente, somos del

criterio que cuestiones de apelación en esta clase de recursos no deben ser interpretadas demasiado estrictamente.

■ Entrando entonces en los méritos del caso, es claro, desde luego, que Antonio Diez Urrutia no era un patrono asegurado, especialmente por emplear menos de tres obreros.

Aunque aparentemente la persona que radicó la reclamación ante la Comisión estaba emparentada con Antonio Diez Urrutia, ella no estaba autorizada para hacer tal cosa. Con mucha frecuencia sucede que un patrono asegurado ratifica el acto de uno de sus empleados al notificar éste a la Comisión de un accidente. Empero, no podemos ver que la notificación hecha en este caso caiga dentro de ninguna de las reglas del mandato (*agency*) que hacen al principal responsable del acto de su empleado. La comunicación hecha por este último no caía dentro de los deberes de su cargo.

*Deben revocarse las resoluciones recurridas y exonerarse de responsabilidad al patrono.*