RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Sres. M. LEÓN PARRA, Presidente, F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, demandada, y ALEJANDRO, CARLOS y MARÍA CONCEPCIÓN RAMOS, representados por su madre con patria potestad, RAMONA VÉLEZ MATÍAS, peticionarios ante la Comisión.

Núm. 204.—*Sometido:* Julio 15, 1940. *Resuelto:* Julio 19, 1940.

---

* NOTA: Véase el prefacio.

*Hon. Procurador General George A. Malcolm, E. de Aldrey, Procurador General Auxiliar* y *Víctor J. Vidal González* y *G. Atiles Moréu,* abogados estos últimos del Fondo del Seguro del Estado, abogados del recurrente; *Virgilio Brunet* y *Miguel A. Casiano,* abogados de los peticionarios ante la Comisión.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La cuestión envuelta en este caso versa sobre si cierta apelación interpuesta por unos menores contra una decisión del Administrador del Fondo del Seguro del Estado para ante la Comisión Industrial, lo fué o no en tiempo.

El cadáver del obrero Alejandro Santiago apareció flotando en las aguas del puerto de Mayagüez. Hasta el momento de su desaparición el obrero estuvo trabajando para su patrono Mayagüez Dock & Shipping Co.

Practicada la investigación de ley por el Fondo del Seguro del Estado se vino en conocimiento de que durante los últimos cinco años el obrero vivió en concubinato con Ramona Vélez én la que tuvo dos hijos que murieron y la que llevó al hogar tres hijos habidos con otro hombre. Declaró un hermano del obrero que éste sólo mantenía con el producto de su trabajo a su concubina y a los dichos tres hijos de ésta. Según testimonio de la madre, sus hijos tenían trece, once y nueve años de edad.

El Administrador del Fondo resolvió que el caso no era compensable por no tratarse de un accidente del trabajo. Su decisión fué notificada a la concubina del obrero en julio 20, 1939.

Así las cosas, en noviembre 29 siguiente Ramona Vélez por su propio derecho y como madre con patria potestad de

sus hijos Mario, María Concepción y Alejandro Santiago, por conducto de sus abogados, apelaron de la resolución del Administrador para ante la Comisión. Dos días después el Administrador pidió a la Comisión que desestimara el recurso por haberse interpuesto después de vencido el término de treinta días que señalan las reglas fijando un término para que los obreros apelen ante la Comisión Industrial de Puerto Rico de las decisiones del Administrador del Fondo del Seguro del Estado, promulgadas de acuerdo con la ley por el Gobernador de Puerto Rico el 26 de junio de 1939. Boletín Administrativo núm. 616.

Oyó la Comisión a las partes y resolvió que si bien la notificación estuvo bien hecha a la madre de los menores, el término para apelar no había comenzado ni siquiera a correr por tratarse de menores de edad. Se basó en el artículo 40 del Código de Enjuiciamiento Civil. Declaró en su consecuencia la moción de desestimación sin lugar y es contra esa declaración que entabló el Administrador del Fondo el presente recurso de revisión, en el que también comparecieron para oponerse los menores interesados.

A nuestro juicio la resolución apelada se sostiene por uno de los fundamentos aducidos por la representación legal de los menores, sin que sea necesario considerar el que sirvió de base a la Comisión para dictarla. Y ese fundamento es que los dichos menores, cuyo interés surgía de la propia investigación del Administrador del Fondo, nunca fueron notificados debidamente de la resolución adversa del Administrador y establecieron su reclamación dentro del año de ocurrido el accidente.

La notificación hecha a Ramona Vélez, no es la notificación que debió hacerse a sus hijos menores de catorce años de edad. "Notifíquese a doña Ramona Vélez Santiago, residente en el barrio Santo Domingo, Mayagüez", dice al final la resolución del Administrador, es decir, a ella personalmente, no a sus hijos, ni aún a ella como madre con patria potestad de sus menores hijos.

■ La ley especial sobre la materia no fija la forma en que habrán de hacerse las notificaciones, debiendo en su consecuencia aplicarse las reglas generales del Código de Enjuiciamiento Civil que exigen la notificación al menor mismo. Artículo 93, inciso tercero de dicho cuerpo legal. *Vías* v. *Sucesión Pérez et al.*, 15 D.P.R. 732; *Federal Land Bank* v. *Corte*, 45 D.P.R. 117, 123.

*Siendo ello así, debe concluirse que la apelación interpuesta por los menores lo fué dentro del término de ley y que el recurso de revisión no procede.*

El Juez Asociado Sr. De Jesús no intervino.