RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Sres. M. LEÓN PARRA, Presidente, y F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, demandada, y CRISTÓBAL ALMODÓVAR PÉREZ, peticionario ante la Comisión.

Núm. 210.—*Sometido:* Noviembre 12, 1940. *Resuelto:* Noviembre 30, 1940.

*Hon. Procurador General George A. Malcolm, E. de Aldrey, Procurador General Auxiliar y Víctor J. Vidal González y Leopoldo Figueroa,* abogados los dos últimos del Fondo del Seguro del Estado, abogados del recurrente; *R. Atiles Moréu,* abogado del beneficiario, peticionario ante la Comisión.

El JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En este caso el Administrador del Fondo del Seguro del Estado dictó resolución declarando que el obrero Israel Almodóvar había fallecido a consecuencia de malaria perniciosa y no por un accidente del trabajo y que por lo tanto no era éste un caso compensable de acuerdo con la Ley núm. 45 de 1935 (Leyes de ese año, pág. 251).

De esta resolución establecieron recurso los beneficiarios del obrero para ante la Comisión Industrial de Puerto Rico, la que después de celebrar una audiencia y oír la prueba testifical y la pericial que una y otra parte presentaron, dirimió el conflicto de la evidencia a favor de ellos, y con fecha 22 de junio de 1940 dictó resolución declarando que el obrero había fallecido de septicemia y neumonía bilateral como consecuencia de la herida que recibió en el curso de su trabajo, declarando además que Cristóbal Almodóvar Pérez y Julia Toro, padres del occiso, dependían de él para su sostenimiento y tenían derecho a compensación. El 27 de septiembre de 1940 la Comisión Industrial se negó a reconsiderar dicha resolución, por lo que el Administrador del Fondo del Estado interpuso el presente recurso, fundamentándolo sustancialmente en que la Comisión había errado en la apreciación de la prueba.

No se hizo parte a Julia Toro en dicho recurso, la que según la prueba que desfiló ante la Comisión, hacía como catorce años que vivía separada de su marido, ni fué ella

notificada del mismo, motivos por los cuales presentó Cristóbal Almodóvar la moción de desestimación que ahora nos ocupa.

Julia Toro, madre del occiso y parte interesada en la resolución de la Comisión Industrial, debió haber sido hecha parte en la petición de revisión, al igual que se hizo con Cristóbal Almodóvar, y debió además notificársele con copia de la misma. El incumplimiento de estos requisitos por parte del recurrente nos priva de jurisdicción para conocer del recurso, pues la resolución que pudiera dictarse revocando la de la Comisión Industrial tendría el efecto de privar a Julia Toro, sin el debido procedimiento de ley, del derecho adquirido a virtud de la resolución de la Comisión Industrial.

Si hubiéramos considerado este caso en su fondo, hubiéramos confirmado la resolución recurrida, pues el récord demuestra que la conclusión a que llegó la Comisión Industrial en su resolución de 22 de junio de 1940, está sostenida por la prueba, y siendo ello así, no estaríamos autorizados para alterarla.

*Procede, por lo expuesto, desestimar el recurso por falta de jurisdicción.*