PEDRO, CARMEN LUZ y CARMEN ELENA MALDONADO, representados por su padre con patria potestad LUCIANO MALDONADO, recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los SRES. MANUEL LEÓN PARRA, Presidente, JUAN M. HERRERO y F. PAZ GRANELA, Comisionados Asociados, demandada, y FONDO DEL SEGURO DEL ESTADO, asegurador e interventor.

Núm. 207.—*Sometido:* Diciembre 2, 1940. *Resuelto:* Diciembre 10, 1940.

*Ismael Soldevila,* abogado de los recurrentes; *Hon. Procurador General George A. Malcolm, E. de Aldrey, Procurador General Auxiliar* y *Víctor J. Vidal González* y *G. Atiles Moréu,* abogados los dos últimos del Fondo del Seguro del Estado, abogados del interventor.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En el recurso de revisión que para ante este tribunal interpusieron los beneficiarios del fenecido obrero Agapito Rodríguez, se hizo parte a la Comisión Industrial de Puerto Rico y además al Fondo del Seguro del Estado, en su carácter de asegurador e interventor. El 4 del mes pasado, se dictó resolución por este tribunal ordenando que por el Secretario se requiriese de la Comisión Industrial el expediente del caso C. I. 7313, y se señaló la sesión del lunes 2 del actual para la vista del recurso de revisión. El 25 de noviembre los peticionarios radicaron su alegato, notificándolo el mismo día a la Comisión Industrial de Puerto Rico y al abogado del Administrador del Fondo del Seguro del Estado, quien como asegurador del patrono del obrero, representaría la parte perjudicada en caso de que este tribunal revocara la decisión de la Comisión Industrial que exoneró de responsabilidad al Fondo del Seguro del Estado. Un día después de radicarse el alegato de los peticionarios, el Administrador del Fondo del Seguro del Estado radicó un escrito solicitando que se desestimara el recurso de revisión

alegando falta de jurisdicción en este tribunal para conocer del asunto, por no habérsele notificado con copia de la petición, siendo él como es una parte adversa que sería perjudicada en caso de revocarse la resolución de la Comisión Industrial. El 27 del mismo mes de noviembre, a las 10:42 de la mañana, o sea el día siguiente a aquél en que se radicó la moción de desestimación, presentaron los peticionarios en la Secretaría de este Tribunal constancia escrita de haber notificado al Administrador del Fondo del Estado con copia de la petición. En la misma fecha los peticionarios radicaron un escrito oponiéndose a la moción del Administrador del Fondo del Seguro del Estado en que se solicitaba la desestimación del recurso. Se celebró la vista de la moción de desestimación el 2 del actual. Para esa fecha, como hemos visto, hacía cinco días que el Administrador del Fondo del Seguro del Estado había recibido la copia de la petición del recurso de revisión. Insiste, no obstante, el Administrador en la desestimación del recurso por falta de jurisdicción.

■■ Como muy acertadamente dijera en su informe oral el abogado de los peticionarios, no se trata en este caso de un recurso de apelación cuya tramitación está reglamentada por el Código de Enjuiciamiento Civil, de acuerdo con el cual es indispensable dentro de determinado plazo a partir de la notificación de la sentencia, radicar el escrito de apelación con notificación a la parte contraria dentro del mismo plazo fijado para la interposición del recurso. La Ley núm. 45 de 1935 (Legislatura Ordinaria, pág. 251), creadora de este remedio, todo lo que dice con respecto al procedimiento a seguir para la interposición del recurso ante este tribunal es lo siguiente:

"Artículo 11.—Cualquier parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial de acuerdo con esta Ley, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince días después de su notificación; . . ."

No exige la ley que antes de radicarse en el Tribunal Supremo la solicitud de un recurso de revisión deban notificarse las partes. Al presentarse la solicitud de revisión el tribunal la estudia y si entiende que el caso es prima facie revisable expide la orden correspondiente para que la Comisión Industrial eleve los autos del caso. El recurso, por su naturaleza, se asemeja más al de *certiorari* que al ordinario de apelación. Por consiguiente, debe aplicarse por analogía el procedimiento que seguimos en los casos de *certiorari* radicados originalmente en este tribunal. Al expedirse la orden para que la Comisión Industrial remita el expediente, se ordenará al peticionario que notifique a las partes, que lo serán la Comisión Industrial y las que lo hubieren sido ante dicha Comisión, que pudieren ser afectadas por la resolución que dicte este tribunal. En otras palabras, aplicaremos hasta donde sea posible la sección 69 de nuestro Reglamento.

El caso de *Montaner v. Comisión Industrial de P. R.,* ante, pág. 685, no es autoridad para desestimar el recurso en este caso, puesto que en aquél una parte interesada no fué hecha parte en la petición, ni se le notificó la misma en ningún momento, mientras que en el caso de autos el perjudicado se hizo parte en la petición y se le notificó la misma con cinco días de antelación al señalado para la vista de la moción para desestimar.

*Por lo expuesto, y apareciendo que en este caso los peticionarios han cumplido sustancialmente con la dicha regla, procede denegar la moción de desestimación y señalar un día para la vista del recurso en su fondo.*