GILBERTO MORALES RODRÍGUEZ, lesionado; POLICÍA DE PUERTO RICO, patrono, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, INC., demandada; FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* O-79-512      *Resuelto:* 29 de octubre de 1980

354

*Alma Osorio de Davis, Antonio Acevedo Torres, Francisco Falú Lebrón* y *Jorge Márquez Gómez,* abogados del Fondo del Seguro del Estado, recurrente; *Gilberto Cobián Aparicio* y *Luis Vidal Arbona,* abogados del lesionado.

PER CURIAM: El 31 de octubre de 1979, el último día para la presentación del recurso, el Fondo del Seguro del Estado solicitó la revisión por este Tribunal de una resolución de la Comisión Industrial sobre una reclamación de dietas. El recurrente certificó haber enviado copia del recurso por correo al representante legal de la otra parte el mismo día de su presentación en nuestra Secretaría. El lesionado-recurrido ha presentado una moción de desestimación en que alega que este Tribunal carece de jurisdicción, porque la notificación en verdad no fue enviada hasta dos días después. El recurrido nos ha remitido prueba fehaciente de este aserto, consistente en una certificación de la Sección de Correspondencia y Archivo del propio recurrente.

La Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935 (11 L.P.R.A. sec. 1 *et seq.*), guarda silencio sobre la necesidad y forma de notificar. El Art. 11 de la ley, 11 L.P.R.A. sec. 12, dispone en parte:

Cualquiera parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con este Capítulo, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince (15) días después de su notificación; Disponiéndose, que dicha revisión solamente podrá concederse sobre

cuestiones de derecho o apreciación de prueba cuando ésta sea de carácter pericial.

Nuestra jurisprudencia no es clara sobre el efecto de la ausencia de notificación. Hay casos en que se han aplicado las normas generales de notificación que encarnan las Reglas de Procedimiento Civil y el código que las precedió, y en que el Tribunal ha declarado que no tiene jurisdicción. *Montaner, Admor.* v. *Comisión Industrial,* 57 D.P.R. 391 (1940); *Montaner, Admor.* v. *Comisión Industrial,* 57 D.P.R. 685 (1940); *Castro* v. *Comisión Industrial,* 64 D.P.R. 509 (1945). También hay casos que se inclinan a la posición contraria. *Diez* v. *Comisión Industrial,* 56 D.P.R. 734 (1940); *Maldonado* v. *Comisión Industrial,* 57 D.P.R. 730 (1940); *Torres Rivera* v. *Comisión Industrial,* 85 D.P.R. 620 (1962). El *ratio decidendi* de varios de estos casos es confuso. En *Maldonado,* por ejemplo, se resuelve que el procedimiento a seguirse en estos pleitos debe asemejarse al de *certiorari.* Mas, si es así, la Regla 21(i) de nuestro Reglamento[1] exigiría hoy el resultado opuesto al favorecido en *Maldonado.*

El análisis de otras disposiciones de nuestro Reglamento nos convence que carecemos de jurisdicción en este caso. La Regla 20 de este cuerpo jurídico dispone:

(a) El auto de revisión para revisar directamente actuaciones de funcionarios y agencias administrativas se regirá por las leyes especiales que autorizan su expedición en cada caso, y en todo lo que no sea claramente incompatible con dichas leyes especiales se regirá por las disposiciones de este Reglamento, especialmente por las Reglas 17 a la 20, ambas inclusive. Las referencias en dichas reglas al "tribunal de instancia" se entenderán como referencias al funcionario o agencia administrativa en cuestión.

---

[1] La Regla 21(i) de nuestro Reglamento provee:
"El peticionario notificará la petición de *certiorari* a todas las demás partes de la misma manera que para el recurso de revisión dispone la Regla 53.3 de Procedimiento Civil, y se certificará el hecho de la notificación en la propia petición al presentarla al Tribunal."

Nótese que la Regla 20 de nuestro Reglamento se refiere específicamente a recursos de revisión incoados para revisar las actuaciones de agencias administrativas. Ya que la ley que autoriza la revisión de las decisiones de la Comisión Industrial no dispone nada sobre el problema de la notificación a la otra parte, debemos atenernos a lo provisto en nuestra Regla 17(h), conforme al mandato de la citada Regla 20. La Regla 17(h) ordena que:

El recurrente notificará la solicitud de revisión a todas las demás partes, en la forma que dispone la Regla 53.3 de Procedimiento Civil, y se certificará el hecho de la notificación en la propia solicitud al presentarla al Tribunal.

Adviértase que bajo la referida Regla 53.3 hay que depositar la notificación por correo certificado con acuse de recibo, dentro del término para presentar el recurso.

*Por las consideraciones expuestas, se desestima el recurso.*