# 95 DTA 130

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL·DE ARECIBO Y UTUAADO**

ELIZABETH RIVERA JORDAN
Peticionaria

v.

CARIBBEAN HOSPITAL CO., INC.,
HOSPITAL DR. ALEJANDRO OTERO LOPEZ
Recurrido

Núm. KLAN-95-0458

San Juan, Puerto Rico, a 21 de junio de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte peticionaria recurre de una Resolución del Tribunal Superior, Sala de Arecibo, cuya notificación fue archivada el 30 de marzo de 1995. Se presentó un recurso de Apelación que fue convertido en uno de *Certiorari* mediante Resolución de este Tribunal del 23 de mayo de 1995. El recurso fue presentado oportunamente, el último día para radicar su escrito, 1ro. de mayo de 1995, pero no fue notificada a la parte recurrida sino hasta el día siguiente.

La parte recurrida solicita la desestimación del recurso debido a que tanto el Reglamento del Tribunal de Circuito de Apelaciones como las Reglas de Procedimiento Civil requieren que la notificación a las partes litigantes de la radicación del recurso, tanto de apelación como de *certiorari* se realicen dentro del término jurisdiccional de treinta días y que la Regla 18 (C) del Reglamento del Tribunal de Circuito de Apelaciones requiere además que el recurso sea notificado *"antes o en la misma fecha de su presentación"*. Añade que ambos requisitos se deben tener como jurisdiccionales.

La peticionaria acepta que no notificó la presentación del recurso hasta el día después de su radicación debido a problemas administrativos en su oficina que impidieron tener el tiempo suficiente para notificarla por correo certificado el mismo día. Véase Contestación a Moción Solicitando Desestimación de la Apelación del 8 de junio de 1995. Señala además que los derechos sustantivos de las partes no deben afectarse por esta negligencia.

La Regla 53.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III dispone en su parte pertinente que *"[s]e notificará la presentación del escrito a todas las partes dentro del término para apelar..."* La Regla 18 (C) del Reglamento del Tribunal de Circuito de Apelaciones del 3 de febrero de 1995 presenta una variación significativa de la práctica apelativa exigiendo que el recurso de *Certiorari* se notifique a todas las partes *"antes o en la misma fecha de su presentación"*. La Regla 14 (C) (1) dispone en iguales términos respecto a apelaciones.

El texto de la Regla 18 (C) del Tribunal de Apelaciones se aleja del texto de la Regla 53.3 de Procedimiento Civil, *supra*, que permite la notificación del recurso después de presentado el mismo, siempre que se haga antes de que expire el plazo dispuesto por las reglas para instar el recurso.

En el caso de epígrafe el término para presentar el recurso vencía el 29 de abril de 1995, por caer este día sábado, el término se extendió hasta el lunes 1ro. de mayo de 1995, fecha en

que la recurrente radica su escrito. Sin embargo, no fue hasta el día después de la radicación, el 2 de mayo de 1995 que envía por correo la notificación a la otra parte. Todo esto contrario a lo que certifica el abogado de la parte recurrente de haber enviado copia fiel y exacta del escrito a los abogados de la parte recurrida en la misma fecha de su radicación contrario a lo dispuesto en la Regla 18 (C) del Reglamento del Tribunal de Apelaciones.

La notificación de un recurso expirado el plazo para instarlo es un defecto fatal por ser de naturaleza jurisdiccional. *Ramos v. Condominio Diplomat,* 117 D.P.R. 641 (1986); *Campos del Toro v. Ame Transit Corp..* 113 D.P.R. 337 (1983); *Morales Rodríguez v. Comisión Industrial,* 110 D.P.R. 353, 356 (1980). El efecto de no notificar el escrito dentro del término dispuesto significa que el Tribunal carece de jurisdicción. *Ortiz Rivera v. Agostini,* 93 D.P.R. 221, 225 (1966).

El matasellos del sobre del sistema de correo federal es el elemento decisivo para establecer la fecha del depósito, en este caso se hizo al día siguiente de la notificación, lo que priva de jurisdicción al tribunal apelativo. *Valdejuli Rodríguez v. Srio. de Hacienda,* 89 D.P.R. 17 (1963).

La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogarse la jurisdicción que no tiene. *Vázquez v. A.R.P.E.,* ___ D.P.R. ___ (1991), **91 J.T.S. 53,** a la pág. 8661; *Gobernador de Puerto Rico v. Alcalde de Juncos,* 93 D.P.R. 522, 530 (1988).

Por los fundamentos expuestos, se desestima el recurso.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General