CC-98-975                                          1

En el Tribunal Supremo de Puerto Rico

| ELSIE PEREZ MARRERO | |
| Recurrida | |
| | Certiorari |
| V. | |
| | 99TSPR59 |
| C.R. JIMENEZ, INC. Y OTROS | |
| | |
| Peticionarios | |

Número del Caso: CC-98-975

Abogados de la Parte Peticionaria: LCDO. JOSE ENRIQUE COLON SANTANA

LCDA. MARITZA GONZALEZ ORTIZ

Abogados de la Parte Recurrida: LCDO. JULIO E. TORRES ORTIZ

LCDO. GRACIANI MIRANDA MARCHAND

LCDO. CARLOS DIAZ OLIVO
(ABOGADO DE LAS CORPORACIONES)

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de San Juan

Juez del Tribunal de Primera Instancia: Hon. Salim Chaar Padin

Tribunal de circuito de Apelaciones: Circuito Regional de San Juan

Juez Ponente: Hon. Giménez Muñoz

Panel integrado por: Pres. la Juez Alfonso de Cumpiano y los Jueces Miranda de Hostos y Giménez Muñoz

Fecha: 4/20/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Elsie Pérez Marrero

    Recurrida

       v.
                            CC-98-975

C.R. Jiménez, Inc. y otros

    Peticionarios

RESOLUCION

San Juan, Puerto Rico, a 20 de abril de 1999.

    Examinada la petición de certiorari presentada el 3 de diciembre de 1998, no ha lugar por falta de jurisdicción por prematuro.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García emitió voto particular concurrente. La Juez Asociada señora Naveira de Rodón emitió Voto Particular Disidente al cual se une el Juez Asociado señor Fuster Berlingeri.

                        Isabel Llompart Zeno
               Secretaria del Tribunal Supremo

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Elsie Pérez Marrero

    Recurrida

                             CC-98-975       Certiorari

        v.

C.R. Jiménez y otros

    Peticionarios

Voto Concurrente del Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 20 de abril de 1999

I

**Prematuro**, **lo que ocurre antes de tiempo**; en el ámbito procesal, un recurso prematuro es aquel presentado en la Secretaría de un Tribunal apelativo antes de que éste tenga jurisdicción. Véase, <u>Hernández Apellániz</u> v. <u>Marxuach Const. Co.</u>, res. en 3 de febrero de 1997.

**Un recurso prematuro al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción.**

Como tal, su presentación carece de eficacia y **no produce ningún efecto jurídico,** pues en ese

momento o instante en el tiempo (punctum temporis), no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos para almacenarlo con el propósito de luego reactivarlo en virtud de una simple **moción informativa**. Así lo hemos dictaminado **siempre** en el pasado, **exigiendo la presentación de un nuevo recurso con su apéndice y su notificación, dentro del término jurisdiccional correspon-diente a este Tribunal.** Estos requisitos no son un mero dictum de Hernández Apellániz v. Marxuach Const. Co., supra, sino un imperativo lógico e insoslayable de la falta de jurisdicción original. Carente de eficacia jurídica interruptora, si acaso, la única otra decisión sería ordenar su desglose y devolución al presentante.

La **falta de jurisdicción por prematuridad** no acontece cuando dictamos nuestra Resolución declarando sin lugar un recurso; **el momento decisorio y crucial es la fecha de su presentación, no el de nuestra Resolución.**

**La jurisdicción no es materia prima susceptible de moldearse con mayor o menor flexibilidad. Tampoco puede establecerse mediante trámites internos de conservación de documentos en este Tribunal. No hay razón alguna para convertir nuestra Secretaría en una extensión más de las oficinas de archivos ("record room") de los abogados con el propósito de conservarles recursos tempranamente inoportu-nos, que no debieron ni podían ser válidamente presentados por carecer este foro de jurisdicción.**

II

Es unánime el criterio de que una moción de reconsideración oportunamente presentada ante el Tribunal de Circuito de Apelaciones **interrumpe ex proprio vigore** el término jurisdiccional para acudir ante este foro. O sea, no ha surgido autoridad para nosotros poder intervenir en un recurso contra sentencia o resolución del Tribunal de Circuito.

Sin necesidad de interpretación alguna, así lo dispone claramente la Regla 47 de Procedimiento Civil[1], según enmendada el 25 de diciembre de 1995, esto es, hace más de tres (3) años. Con mayor especificidad, la Regla 84 del Reglamento del Tribunal de Circuito -en vigor desde el 1ro. de mayo de 1996- visualiza esa **suspensión automática** al término jurisdiccional. No podemos pues asumir ignorancia o desconocimiento de esa normativa entre los abogados del país. Desde que entró en vigor la actual Ley de la Judicatura, la presentación prematura de un número mínimo, reducido e insignificante de treinta y cinco (35) recursos de un gran total de dos mil quinientos siete (2,507), (1.4%),[2] no justifica semejante percepción negativa.

Al aplicar estos principios y la doctrina sentada hace más de dos (2) años en Hernández Apellániz v. Marxuach Const. Co., supra, a la cronología procesal del recurso, sólo cabe una vía decisoria: dictaminar la falta de jurisdicción. Este recurso se presentó el 3 de diciembre de 1998. **A esa fecha carecíamos de jurisdicción, o sea, autoridad judicial alguna para recibir, acoger e intervenir en el caso, por estar pendiente ante el Tribunal de Circuito una moción de**

---

[1]  In fine reza:

"La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la resolución o sentencia, presentar una moción de reconsideración. **El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración."**

[2]

| CASOS PRESENTADOS EN EL TRIBUNAL SUPREMO DESDE EL 1 DE MAYO DE 1996 HASTA EL 28 DE FEBRERO DE 1999 | | |
|---|---|---|
| Recursos | Total | Por Ciento |
| Certioraris | 2,344 | 93.5 |
| Apelaciones Civiles | 155 | 6.2 |
| Certificaciones | 8 | 0.3 |
| Gran Total | 2,507 | 100.0 |

| No Ha Lugar por Prematuro:  35 Casos |
|---|
| Gran Total de Casos Presentados:  2,507 Casos |
| 35/2,507 = 0.014 X 100 = 1.4 |

**reconsideración**. Al otro día de su prematura presentación, el reputado Tribunal de Circuito denegó la reconsideración. El 11 de diciembre, los peticionarios C. R. Jiménez, Inc. y otros simplemente nos informaron ese dato.

La aludida moción informativa no reactivó ni sustituyó el requisito de presentar un nuevo recurso **dentro del término jurisdiccional**. La misma vara que antes hemos aplicado a otros litigantes para medir la justicia, nos impone como único curso declararlo sin lugar por falta de jurisdicción por prematuro.[3]

III

Respetuosamente, una nota cautelar. No estamos ante un problema de carácter administrativo, sino jurídico. La cuestión aquí a adjudicar **es la falta de jurisdicción**, no lo oneroso de tener que duplicar o reproducir documental-mente, modificado o no, un recurso.

En materia de jurisdicción, la Asamblea Legislativa no nos ha firmado ni entregado un cheque en blanco. Retener pro-tempore administrativamente una jurisdicción precoz, inexistente (**por prematura**), al igual que asumirla o ejercerla donde no la hay (**por tardía**), **es un ejercicio judicial arbitrario que atenta contra los parámetros constitucionales que estamos obligados a respetar**.

---

[3] Innumerables decisiones nuestras dictaminan falta de jurisdicción en el Tribunal de Instancia, o en el Tribunal de Circuito de Apelaciones o en este foro; adjudicación que se hace a posteriori, cuando ha transcurrido en exceso el término en cuestión y la parte afectada adversamente por ese pronunciamiento no puede remediarlo. Véase, Pagán Navedo v. Rivera Sierra, res. en 30 de mayo de 1997; Andino v. Topeka, Inc., res. en 10 de abril de 1997; Hernández v. Marxuach, supra; Almodóvar Marchany v. Warren Electric Co., res. en 24 de marzo de 1996; John E. Harland Co. v. Municipio de San Juan, res. en 13 de octubre de 1995; Canales Velázquez v. Converse de P.R., Inc., res. en 30 de enero de 1992; Pueblo v. Miranda Colón, 115 D.P.R. 511 (1984); Morales Rodríguez v. Comisión Industrial, 110 D.P.R. 353 (1980); Suárez v. Flamingo Homes, Inc., 102 D.P.R. 664, 668 (1974); Torres Torres v. Tribunal Superior, 101 D.P.R. 277, 278-279 (1973); Barreto v. Sherris Caribbean, Inc., 92 D.P.R. 859, 864-865 (1965); López Rivera v. Autoridad de Fuentes Fluviales, 89 D.P.R. 414 (1963); González v. Am. Surety Co., 71 D.P.R. 354, 358 (1950); Sierra Berdecía v. Blondet Delanoy, 70 D.P.R. 214 (1949).

Nuestras decisiones han de responder a las exigencias superiores del Derecho sin apartarnos de los fines que corresponden al proceso jurisdiccional.


ANTONIO S. NEGRON GARCIA
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Elsie Pérez Marrero

  Recurrida

           CC-98-975

   v.

C.R. Jiménez, Inc. y otros

  Peticionarios

Voto Particular Disidente de la Juez Asociada señora Naveira de Rodón al cual se une el Juez Asociado señor Fuster Berlingeri.

San Juan, Puerto Rico, a 20 de abril de 1999

En el caso ante nuestra consideración se solicita la revisión de una Resolución emitida por el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). El dictamen a su vez revisó una resolución del foro de instancia en relación a dos (2) casos que fueron consolidados por el Tribunal de Circuito. A pesar de que, por la trayectoria procesal algo accidentada seguida en estos casos, no surge claro del expediente, entendemos que se trata de la revisión de una resolución del tribunal de instancia, no de una sentencia. El recurso apropiado es, por lo tanto, el certiorari establecido en el

Art. 3.002(d)(4) del Plan de Reorganización de la Rama Judicial, Núm. 1 de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(4).   El término para presentarlo es uno de treinta (30) días, contados desde el archivo en autos de la notificación del dictamen recurrido.   Este término es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari.

El recurso de certiorari ante nuestra consideración fue presentado el 3 de diciembre de 1998.   Un día después, el 4 de diciembre de 1998, el Tribunal de Circuito notificó a las partes una resolución mediante la cual se denegó una moción de reconsideración, oportunamente presentada.   Así las cosas, el 11 de diciembre los peticionarios acudieron con una moción informativa en la que nos indicaron que el Tribunal de Circuito ya había resuelto la moción de reconsideración.

Con relación a los casos presentados prematuramente, por estar aún pendiente de resolver ante el Tribunal de Circuito una moción de reconsideración, en Hernández Apellaniz v. Marxuach Const. Co., P.C. de 3 de febrero de 1997, 142 D.P.R._____ (1997), 97 J.T.S. 16, pág. 606, expresamos que una vez resuelta la reconsideración por el Tribunal de Circuito, no se reactiva automáticamente el recurso presentado prematuramente ante nos.   Añadimos, a manera de dictum, ya que ésta no era la situación procesal que se presentaba en ese caso, que "(s)i la parte aún interesa que revisemos el dictamen del Tribunal de Circuito de Apelaciones tiene que presentar el recurso apropiado, ya fuere el de certiorari o apelación, dentro de los términos jurisdiccionales (o de cumplimiento estricto) provistos en la ley." **No entramos, sin embargo, a discutir la forma en que estos recursos se podían presentar.**

Luego de analizar las circunstancias específicas del caso de autos y tomando en consideración nuestra experiencia de más de dos (2) años, examinando recursos presentados al amparo de esta disposición procesal, entendemos que la norma enunciada en este dictum debe flexibilizarse. Es decir, debemos ampliar la forma y manera en la cual estos nuevos

recursos pueden presentarse sin violentar, pero si ajustando, las reglas procesales actuales, o sea, adaptando los requisitos técnicos a una situación que se nos ha presentado y se nos presenta de forma recurrente. Esto evitará el que los litigantes pierdan el derecho a que su caso se revise en los méritos por lo que podría denominarse "exceso de diligencia" mezclada con una dosis de pobre manejo de las reglas apelativas procesales.

Bajo las circunstancias específicas de este caso, donde antes de que transcurrieran los treinta (30) días de cumplimiento estricto para presentar nuevamente el recurso de certiorari que se había radicado prematuramente, la parte peticionaria presentó una moción informativa que claramente demuestra, tanto su diligencia como su intención de proseguir con el trámite de revisión. Aunque tenemos que admitir que también refleja algún desconocimiento técnico de las reglas procesales apelativas, creemos que el caso se debe ver en los méritos.

Debemos interpretar las reglas procesales apelativas de forma flexible. Esto entraña el que acojamos la moción informativa presentada como una que tuvo un propósito dual, el de informar y el de aunar a ésta, por referencia, el recurso de certiorari previamente presentado y los trámites de perfeccionamiento realizados en cuanto a éste. Como consecuencia de lo anterior, en esos momentos el recurso quedó adecuadamente presentado y perfeccionado. En otras palabras, lo trataríamos como si el recurso se hubiese presentado de forma completa por segunda vez. No hay nada en las reglas que impida el que a un escrito por referencia se le unan documentos que ya constan en el expediente del caso con todas las consecuencias legales que de ellos surja. Cabe señalar además, que al denegarse la reconsideración de plano, como sucedió en este caso, en nada variaron ni se alteraron los planteamientos y argumentos incluidos en el primer recurso de certiorari que fue prematuramente presentado. Por otra parte, el procedimiento que estamos proponiendo en nada altera el propósito de las reglas de garantizarle el debido proceso de ley a las partes y la

ordenada tramitación de los asuntos en los tribunales.  Entendemos que los ajustes que habría que hacer por parte del Tribunal para acoger este trámite no presentan problemas insolubles.

La interpretación flexible de las reglas por la que abogamos y el curso de acción que entendemos el Tribunal debe adoptar, evitaría duplicaciones en la presentación de documentos que nada aportan a la solución de los casos y a la consecución de la justicia.  Además, le estaríamos insuflando vida a la norma que siempre debe prevalecer en los foros judiciales de que los casos, de ser posible, se  resuelvan en los méritos y que las normas procesales no deben de tener valor por sí solas, no deben cobrar vida propia.  Después de todo, éstas sólo son mecanismos o instrumentos auxiliares para la solución justa, rápida y económica de los casos y controversias.

Por todo lo antes expuesto es que disentimos de la posición que hoy adopta la mayoría del Tribunal de desestimar el recurso presentado por prematuro.  La consecuencia de este curso de acción es desastrosa para el peticionario, ya que cualquier recurso presentado en estos momentos estaría fuera del término de cumplimiento estricto de treinta (30) días que establece la Ley de la Judicatura de 1994, según enmendada.[4]

> Como punto adicional, pero no menos importante, no debemos perder de vista que estamos ante un recurso con un voluminoso apéndice.  Al evitar la utilización innecesaria de papeles, estaríamos contribuyendo, aunque fuere de una forma mínima, a la conservación ecológica de nuestra planeta.  En particular, a la conservación de nuestros árboles y de nuestro medio ambiente.

Por último, quisiéramos hacer constar nuestra gran preocupación sobre el desconocimiento de las reglas procesales apelativas por parte de un número sustancial de letrados que postulan ante este Foro y ante el Tribunal de Circuito.  Los expedientes que a diario examinamos están plagados de errores procesales que reflejan esto.  En algunos casos la

---

[4]    De presentarse un recurso en estos momentos con una explicación sobre la tardanza, estaríamos dispuestos, siguiendo la misma filosofía procesal, a considerar la razonabilidad de la misma y permitir la presentación del recurso y su consideración en los méritos.

situación es peor, pues el abogado, aun después que se le señala la falta en que ha incurrido, no parece entender la falla ni la forma correcta de proceder.


                         Miriam Naveira de Rodón
                            Juez Asociada